[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S SEPTEMBER 11, 1995 MOTIONSFOR CONTEMPT AND FOR MODIFICATION OF JUDGMENT.
Plaintiff's September 11, 1995 Motions for Contempt and Modification of Judgment are denied.
The Separation Agreement dated November 9, 1994 was incorporated into the Judgment dated November 9, 1994.
Paragraph 9 of the Separation Agreement provides that "Until said home is sold, Defendant may reside therein exclusively with the minor child and, during such occupancy, shall pay the monthly mortgage payments, fire insurance premiums and real estate taxes for said premises, as well as all utilities, services, and general maintenance expenses. Plaintiff shall contribute $100.00 per week toward the said mortgage payments while Defendant has occupancy, . . . . Upon sale of the premises, the net proceeds or losses from the sale shall be split equally."
1. The Plaintiff claims that the words in paragraph 9 "Defendant may reside therein exclusively with the minor child" mean that no one else can live there, and since her boyfriend/fiance' is living there, Defendant is in contempt The Court finds that the word "exclusively," in the context of the Dissolution of Marriage Judgment means to the exclusion of the Plaintiff.
2. In His Motion for Modification of Judgment, the Plaintiff argues that he should not have to pay $100.00 per week toward the mortgage payments because the Defendant's boyfriend/fiance' is CT Page 11520 living there.
The court concludes there is no provision or language in the Separation Agreement, now part of the Judgment, which would provide a legal basis for modification. The $100.00 weekly payment toward the mortgage payments is not alimony, and as the mortgage is reduced, the Plaintiff benefit inasmuch as the net proceeds after sale will be split equally between the Plaintiff and the Defendant.
RICHARD A. WALSH